[Crim. No. 5993.    Second Dist., Div. Three.    May 12, 1958.]

## THE PEOPLE, Respondent, v. IGNACIO MARQUEZ, Appellant.

Forno & Umann and Harry M. Umann for Appellant.

Edmund G. Brown, Attorney General, and Albert Bianchi, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant was charged with the unlawful sale of heroin in violation of section 11500 of the Health and Safety Code. In a nonjury trial he was convicted. Allegations in the information that he had been convicted previously of two felonies (burglary and forgery) were found to be true. He appeals from the judgment and the order denying his motion for a new trial.

Appellant asserts that the court erred prejudicially in sustaining the prosecutor's objection to a question asked by appellant on cross-examination.

A deputy sheriff testified that on September 27, 1956, about 2:15 p. m., he was driving his automobile westerly on a street in Los Angeles; he was accompanied by a confidential informer; he (deputy) saw defendant driving an automobile easterly on the same street (approaching the deputy's automobile); when the automobiles were about 40 yards apart the deputy honked the horn of his automobile, and then the defendant stopped his automobile at the north curb; the deputy made a U-turn in the street and parked his automobile about 12 feet back of defendant's automobile; then the informer got

out of the deputy's automobile and went to defendant's automobile and talked to defendant; he (deputy) saw the informer hand currency to defendant, and he saw defendant hand something to the informer; the informer returned to the officer and handed four capsules of whitish-brown powder to him; then the defendant drove away; he was not arrested until February 6, 1957; he (deputy) did not see defendant after September 27 and prior to February 6.

The deputy testified further that he had known the informer about an hour before 2:15 p. m. of said September 27; the informer was searched at the sheriff's office before they proceeded to the place where they saw the defendant; there were no objects on the informer after the search; at the time of the search the informer was still considered to be in custody of deputies at the sheriff's office; after the search the deputy (witness) gave the informer $10 in currency.

The capsules, which the informer handed to the deputy, contained heroin.

On cross-examination, the attorney for defendant asked the deputy sheriff, as follows: "Now, what is the informant's name?" The deputy district attorney objected to the question on the ground that it called for confidential information. The objection was sustained.

It was established that the informer actively participated in the crime charged. "When an informant becomes a participant in the crime charged against the defendant, he and the People lose the right to keep his identity anonymous." (*People* v. *Lawrence*, 149 Cal.App.2d 435, 452 [308 P.2d 821]; *People* v. *Alvarez*, 154 Cal.App.2d 694, 697 [316 P.2d 1006]; see also *People* v. *Castiel*, 153 Cal.App.2d 653 [315 P.2d 79], and *People* v. *Williams*, * (Cal.App.) 323 P.2d 824.) The court erred prejudicially in sustaining the objection.

The judgment and the order denying the motion for a new trial are reversed, and the cause is remanded for a new trial.

Shinn, P. J., and Vallée, J., concurred.

---

*A hearing was granted by the Supreme Court on April 7, 1958.